**Dalbir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General; et al., Respondents.**

No. 04–75209.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

---

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

## MEMORANDUM **

Dalbir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of Singh's asylum claim on the basis of an adverse credibility finding. Singh's documentary evidence was inconsistent with his testimony regarding the nature of injuries he sustained during a 1993 arrest. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). Additionally, Singh submitted letters from two different doctors purporting to have cared for him during the same time period, but he testified that only one doctor treated him. *See id.* Finally, despite claiming to have been active in the 1989 elections, Singh lacked basic knowledge regarding the political candidate he allegedly supported. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004).

** This disposition is not appropriate for publication and may not be cited to or by the

Substantial evidence also supports the IJ's conclusion that Singh filed a frivolous asylum application. *Cf. Farah v. Ashcroft,* 348 F.3d 1153, 1157–58 (9th Cir.2003) (citing 8 U.S.C. § 1158(d)(6) and 8 C.F.R. § 208.20, and laying out criteria for finding an application is frivolously filed).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1156.

Because Singh's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its CAT determination, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.